United States District Court
Northern District of California

| | |
|---|---|
| O.M., Inc. | Case No. 3:09-cv-03661-MEJ |
| Plaintiff | **Judgment** |
| vs. | |
| Aqui LLC; Sarah Drain; Angie Duncan | |
| Defendants | |

The court finds and enters judgment in favor of plaintiff O.M., Inc. ("O.M.") and against Defendant Aqui LLC as follows.

1.  On August 10, 2009, O.M. filed suit against defendants Aqui LLC, Sarah Drain, and Angie Duncan in this civil action, styled *O.M., Inc. v. Aqui LLC et al.*, Case No. 3:09-cv-03661-MEJ (N.D. Cal.).

2.  In its Complaint, O.M. asserts six claims for: infringement of a federally-registered service mark under the Lanham Act (15 U.S.C. § 1114), dilution under the federal Trademark Dilution Act (15 U.S.C. § 1125(c)), false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)), counterfeiting (15 U.S.C. § 1115(d)), unfair competition under federal law, and unfair competition under California law (California Business & Professions Code §§ 17200, *et seq.*).

3.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367.

4.  This court has personal jurisdiction over each defendant. Each Defendant has consented to the jurisdiction of this court.

5.  Venue is appropriate in the Northern District of California under 28 U.S.C. § 1391.

6. All parties consent to have this Judgment entered by a U.S. Magistrate Judge.

7. The parties represent to the court that they have reached a settlement, and the court enters this Judgment pursuant to the parties' stipulation.

8. O.M. owns all right, title, and interest in U.S. Service Mark No. 2,611,169 for the word AQUI (the "Aqui Mark"). The Aqui Mark was registered on the Principal Register on August 27, 2002, in international class 42 for restaurant services. A copy of the Aqui Mark's registration certificate is attached hereto as Exhibit 1.

9. O.M. has used the Aqui Mark in commerce continuously since at least April 1994. O.M. operates restaurants under the name Aqui. Since the first Aqui restaurant opened in San Jose, California in 1994, O.M. has made substantial investments to establish the Aqui brand to signify high quality in the market for restaurants. Part of that branding effort includes the use O.M.'s web site at www.aquicalmex.com. As a result of those investments, the Aqui brand enjoys substantial recognition among the general public. O.M.'s Aqui restaurants regularly receive favorable published reviews from restaurant reviewers, journalists, and the general public.

10. Due to O.M.'s substantial investments in the Aqui brand, the high quality of the services provided under the Aqui Mark, and O.M.'s long-standing commercial use of the Aqui Mark, the Aqui Mark has acquired fame and secondary meaning in the field of restaurant services and substantial goodwill in the eyes of the public.

11. Defendants Aqui LLC, Sarah Drain, and Angie Duncan operate a restaurant in Portland, Oregon under the name Aqui Mexican Cafe. In this action, O.M. has demanded that the defendants stop using the Aqui name, which O.M. contends infringes the Aqui Mark.

For good cause, the court PERMANENTLY ENJOINS Aqui LLC and enters judgment as follows.

1. Aqui LLC, as well as persons or entities acting or purporting to act on its behalf, in concert with it, or in privity with it, including but not limited to, its agents, directors, officers, members, employees, affiliated entities such parents and subsidiaries, successors, and assigns, are permanently enjoined from using the Aqui name or any other word or mark that is likely to cause confusion with the Aqui Mark in connection with restaurant services.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

2. Aqui LLC must totally cease its use of the Aqui Mark by January 31, 2010 (the "Cessation Date"). The phase-out period provided from the date of this Judgment through the Cessation Date exists solely to allow Aqui LLC a reasonable time to stop its use of the Aqui name without undue burden or unreasonable disruption to its business. No license is created for Aqui LLC (or any other defendant) to use the Aqui Mark at any time, including during the phase-out period. After the Cessation Date, Aqui LLC may not use in commerce any word or mark that is likely to cause confusion with the Aqui Mark, including the Aqui name.

3. Within ten days after the Cessation Date, Aqui LLC will cause to be destroyed all articles that were used in connection with its restaurant business which still bear on the Cessation Date any word or mark that is likely to cause confusion with the Aqui Mark, including the Aqui name. By way of example, but not limitation, this includes advertisements and marketing materials, web sites, fixtures, signs, menus, cutlery, and napkins. Aqui LLC may reuse such articles after the Cessation Date only to the extent that such articles have been altered before the Cessation Date so that they no longer bear any word or mark that is likely to cause confusion with the Aqui Mark, including the Aqui name.

4. This court will retain jurisdiction to enforce this Judgment and to enforce the parties' Settlement Agreement. Any future proceedings concerning this Judgment or the Settlement Agreement must occur in the Northern District of California or, if federal subject matter jurisdiction does not exist at the time of such proceeding, then in the appropriate state court in Santa Clara County, California. The Defendants consent to jurisdiction and venue in the Northern District of California or in Santa Clara County, California for any such proceedings.

5. In the event that Aqui LLC transfers or expands its business in a way that includes third parties who may obtain ownership interests or control of such business, this Judgment will bind each such third party to the same extent that it binds Aqui LLC, including the consent to jurisdiction and venue. It is not possible to anticipate at this time the form that such transactions with third parties might take, although they may include a sale of the business or its assets, franchising, or a change of corporate form. Aqui LLC must notify each such third party of the terms of this Judgment and of the parties' Settlement Agreement and must provide a copy of this Judgment and the

1  Settlement Agreement to each such third party.

2      6.    Each party will bear its own costs, including attorney fees, incurred up to and

3  including the date of this Judgment.

   The Clerk of Court shall close the file.

5  Dated: December 9, 2009

                                Maria-Elena James, U.S. Magistrate Judge

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

# Exhibit 1

Registration Certificate for U.S. Service Mark No. 2,611,169

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,611,169
Registered Aug. 27, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## AQUI

OM INVESTMENTS (CALIFORNIA CORPORATION)
1079 LINCOLN AVE.
SAN JOSE, CA 95125

FOR: RESTAURANT SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 4-0-1994; IN COMMERCE 4-0-1994.

"AQUI" IN SPANISH MEANS "HERE".

SER. NO. 75-756,266, FILED 7-21-1999.

CYNTHIA SLOAN, EXAMINING ATTORNEY